Good morning, your honors. May it please the court, Brianna Mircheff on behalf of Scott Wehmhoefer. Your honors, I intend to reserve about three minutes of my time for rebuttal, but I will watch my own clock. This case obviously involves a number of moving parts with both procedural and substantive questions that are pending in front of other courts. I'll briefly address the government supplemental brief on LNBIs, and then I intend to address a couple of subsequent points. The government supplemental brief makes a number of arguments directed at why it believes that LNBIs should be reheard. But crucially, it concedes that the definition of actual innocence is the same under 2241 as it is under 2255. It does this at page 9 of its supplemental brief, and also page 33 of its answering brief, citing Steven C. Herrera, which is this court's case law. If LNBIs becomes final then, it would be decisive on these procedural questions, both timeliness and procedural default under 2255, as well as actual innocence under 2241. Because the procedural defenses are likely to be decided in that case, I do want to direct most of my time this morning to the substantive questions presented on the merits of the petition. And I want to start by saying what I believe the court cannot do. This court, my position is, this court cannot, as the government urges, simply adopt the Fifth Circuit's decision in Burris. Burris depends on that court's holding that recklessness satisfies the elements of force clause, which is not currently this court's law. Obviously, that's subject to revisiting in either the en banc case or in the Supreme Court's decision in Borden. But at this moment in time, this court could not simply adopt Burris because Burris did depend on that court's decision saying that recklessness satisfies the elements clause. This court also cannot simply adopt the holding of Calvillo-Palacios in the Texas assault context. Texas assault differs from robbery in that the Texas aggravated assaults, aggravators, do not include recklessness as robbery does textually. It's our position, then, that this court must start from first principles, starting with the divisibility of Texas simple robbery. Texas simple robbery can be committed in two ways, robbery by threat and robbery by injury. And again, under current case law, one of those means does not satisfy the elements clause because it can be committed by reckless conduct. Under Mathis, then, this question becomes whether the Here, we have a Texas Court of Criminal Appeals decision saying that the two ways of committing Texas robbery are simply alternative methods of committing robbery and thus cannot be charged as separate offenses. It is a fractured decision that's the holding of fourth of the seven-judge panel. Now, the government says that Cooper v. State is simply a decision about the unit of prosecution. However, under Texas law in Landry v. State, the unit of prosecution drives unanimity requirements. Moreover, fortunately, this court does not have only Cooper to guide the decision on divisibility. For Burton v. State, the state charged two alternatives, robbery by threat and robbery by injury, in a single count, which, as Mathis says, is as clear an indication as any that the statute is not divisible. So, may I stop you? Yes, please. Ms. Nurcheff, in our job, when we're looking at divisibility, first, we look at the statute, and the statute has A1 and A2, and they are different, and they have different burdens associated with them. So, that makes you think it's divisible. Then, you go to Texas law, and you're, I'm going to be the government says, but your brief is pretty clear that Texas law says that you don't need unanimity to choose either A1 or A2 for guilt. Do we then, are we foreclosed from then looking at the judgment of conviction itself, which was under A2, under the analysis of United States Robinson? Yes, your honor. Under Mathis, if the court decides that Texas state law is clear on this, then it would matter what the judgment of conviction says in a particular case. Because the two alternatives, there's no requirement of unanimity between the two. There's no, the court cannot resort to the record of conviction in this case to determine what Mr. Weimhoffer was convicted. That's correct. That's certainly our position. So, that's, again, on the divisibility of Texas simple robbery. If the court were to agree that Texas simple robbery is indivisible, then again, under current law, this is a simple question, because one of those alternatives involves recklessness. Of course, Mr. Weimhoffer was convicted of aggravated robbery, but in this case, that question is frankly simpler than the aggravators that elevate Texas simple robbery to aggravated robbery are not divisible. And one of those alternatives also can be satisfied by reckless conduct. If we find that the Texas statute is divisible, can Mr. Weimhoffer still prevail? Yes, he could. Although, again, our position is that it is not. If the court were to disagree with me on the divisibility question, then we have two alternative arguments that would say that even robbery by threat does not satisfy the elements clause. One of those is Howard v. State, which is the case where the defendant walked into the convenience store, did not see anybody in the convenience store, and was leveling a gun. The Texas court said that that was sufficient for robbery by threat. Our position is that under United States v. Parnell, a willingness to use force is not sufficient to satisfy the elements clause. And that, I think, is, frankly, our strongest argument that Texas robbery by threat would not satisfy. I do believe the law is clear on this divisibility point, and I would urge the court to take that route. Again, the government's alternative argument, which I'll just touch on briefly, is that Texas robbery is enumerated robbery. Our position on that is that this court has not yet defined what robbery as described in 2111, 2113, and 2118 is. But under Torres v. Lynch, it has to have the essential non-jurisdictional elements of those crimes, which basically collapses that question into the prior one. Because as this court's law is clear, those require Johnson-level force and also the intentional use of force. I have intended to reserve about this much time for rebuttal. I'm happy to answer questions, but if not, I'll save the rest of my time. One question I'll ask the government as well. Do you have any views on whether we should stay this case pending, whether the mandate is issued and the case becomes finalized? I think that that would not be unreasonable. That's certainly what the court did in the other case. I think the PFR in that is due next week, and I think that would not be an unreasonable decision given that it is decisive on a number of these procedural points. Thank you. Thank you. Good morning, your honors, and may it please the court, Ashley Ault for the United States. I'll start by addressing Judge Lee's question. My answer to that question is yes. In preparation for argument, it became more clear to me that, in fact, I think this case should be stayed both for Allen and for Borden. As defense counsel's argument made clear, a lot of the argument about the merits does ultimately depend upon whether or not reckless conduct can satisfy the crime of violence, pardon me, the violent felony definition here. If the Supreme Court decides to find that reckless conduct does satisfy that standard, then many of defendants' arguments on the merits are eliminated as well. This court, of course, is considering the same question in Arona right now. If the Supreme Court ultimately were to decide, for instance, that reckless conduct can satisfy this force definition, then even these arguments about divisibility don't matter because ultimately the issue with divisibility is whether or not you can eliminate the versions of Texas robbery that entail reckless conduct. And if that doesn't matter anymore, then nor does this argument about divisibility. So although I don't think it's the only way the court can act here, I do think there are ways of affirming that don't depend upon either Allen or Borden. The most conservative way to proceed would be to stay it for both cases. And I would note that under the facts of this case, that stay would not cause any real prejudice to the defendant. The defendant started serving the sentence at issue here only a year ago, even though it was imposed very many years ago. It was imposed consecutive to a 30-year sentence he was already serving. So he's only about a year and a month into the sentence being challenged now, which even assuming he were to win on the merits would reduce the life sentence to a maximum of 40. So I don't think there's any real risk of over incarceration in this case. So that said, I think there are methods of affirming that don't depend on either Allen or Borden. There are really three paths to affirmance here. And there's the procedural path, there's the enumerated offenses path, and there's the force clause path. And Allen obviously occupies a lot of the space on the procedural path. So the argument about GIOZOS and whether or not defendant's claim actually relies on the residual clause is not affected by Allen. Certainly there's no dispute about what the standard is. The standard is under GIOZOS. One thing that is different from GIOZOS in this case, aside from the record, is that GIOZOS of course was only an ACCA case. The ACCA does not have an enumerated offenses clause. And so what the court faced there was a silent record where it wasn't clear whether the district court originally had relied upon a force clause or a residual residual clause. Here the record is clearer both as a factual and as a legal matter because the enumerated offenses clause exists. And at the time under Morrison, it was just straightforward that state robbery offenses counted as quote robbery under 3559. And whether or not that analysis remains true now, that certainly occupied the field at the time. And it was the basis of defendant's own concession at ER 121 and 121 note 1 that this was not a case about the other clauses of 3559 because this was an enumerated offenses case. So that argument is not affected by Allen. The court could affirm on that ground regardless of whether Allen remains the law. Nevertheless, I'll transition to the arguments on the merits. It's correct that this court has not decided under the enumerated offenses clause what robbery means. However, every other circuit to analyze it has adopted a definition that would encompass defendant's prior offense of Texas robbery. The most lengthy analysis is the fourth circuits in Johnson. And notably that case postdates Torres v. Lynch. And so it contradicts the assertion that Torres v. Lynch, the Supreme Court's opinion, and its analysis of a different statute forecloses our contention here. And what Johnson explained in short is that 3559c uses unusual and expansive language that reflects an even greater congressional intent to encompass state offenses broadly. That's particularly true in the robbery context because there's also a robbery specific exclusion from 3559. And so to interpret the original term robbery in a narrow way would make that exclusion less functional. I would just point the court to Johnson's reasoning. Wicks from the seventh circuit, Rosario Delgado from the eighth, and Snipe from the second all have similar reasoning. And while defendant has tried to distinguish some of those cases by saying that all they deal with is jurisdictional elements, I submit that the cases themselves adopt much more broad reasoning than that, even if their holdings are more limited. And Johnson is not so limited. Here, the essence of Texas robbery is a theft or attempted theft by use of force. It would satisfy the standard the fourth circuit adopted in Johnson. And I submit that the court should adopt the same standard here. And most notably, also, every court to have addressed whether Texas robbery is generic robbery has concluded that it is generic robbery. That includes the fifth circuit in Sante Esteban Hernandez. And this court, as we laid out, has adopted the fifth circuit's identical definition of generic robbery from that case in its own case law. So that's the path under the enumerated offenses clause. And then finally, we get to the force clause. And this, of course, becomes the classic categorical approach logic tree. And there's a lot of branching paths here. On divisibility, I am the defendant has certainly identified the best cases are Cooper and Burton. I am less convinced that Cooper stands for what defendant asserts that it stands. It is a case about unit of prosecution, which is not identical to the analysis of means and elements for the purposes of Mathis. And it's a very fractured decision. It makes clear that it's about units of prosecution. And I don't it to go to unanimity. But the Fifth Circuit itself has rejected reliance on both of these cases. In the recent case Lerma from 2017, the Fifth Circuit analyzed both those cases and nevertheless found that Texas robbery was divisible under Mathis. I share the dubiousness that the Fifth Circuit had regarding those cases. And I think it's most notable because as I pointed out, the analyzing identical language, the Fifth Circuit has held that Texas assault is divisible. That's in Torres under the Fifth Circuit from just this last year. And this court has reached a similar conclusion, Palacios Gomez. So those holdings contribute to my doubt about the definitiveness of Texas law about divisibility. Although I do note that Burton says what Burton says. I think that is just a dubious extension of Cooper and obviously not totally binding because not the highest court on this issue in Texas. Ultimately, if the court does find and again, divisibility matters only because one of the forms of Texas robbery includes reckless conduct. I don't think the court needs to reach that issue if it holds the case for Borden and Arona. But if the court were to find it divisible, then I think they're in my view, then there's a very only a very weak argument that the that the Texas robbery would not qualify sufficiently forceful. Fifth Circuit's analysis in Burris is extremely compelling on this point. Point by point, it rebuts most of defendants assertions. And I think this court could confidently follow Burris to find that threat based robbery is adequate under the force laws. Would you point us to any other Texas state courts if we were trying to figure out the Texas state law on our own? Are the two cases that the petitioner cited the ones that we should be paying the most attention to? The other cases that we've cited are assault cases. And again, the assault statute does involve identical language. The key case is McKiffin. There's a follow up case that I just forgot the name of but it is cited in Torres by the Fifth Circuit. Both of them deal with the same standard, albeit about assault. I am not aware of other cases about assault cases that deal with the same standard of robbery. Thank you. If the court has no further questions, I'm happy to yield my time. Thank you, Miss Merchant. Thank you. I'm going to try to cover a number of those points quickly. The government says that a Texas jury must reach a unanimous verdict. It must agree that the defendant committed one specific crime. It then applies cases like McKiffin to say that the decision whether a Texas jury needs to be unanimous is driven by that same body of case law about the unit of prosecution. So I don't think that Cooper can simply be relegated to a unit of prosecution case. Assault is different. Texas assault is the court in McKiffin said of the assault statute defines three distinct criminal offenses. But that same court in Cooper said that Texas robbery cannot be so divided into separate offenses. And so because the language is the same, the Texas case law interpreting the language is different. And therefore, there must be a different answer on defensibility. How much difference do we give to the Cooper case? It's not the highest Texas court for criminal appeals, which is the highest Texas court. Burton is not the Yes, excuse me, Burton. Okay, how much difference should we give to that? So what I think that indicates is I mean, that is a intermediate Texas court interpreting the Texas case law and saying the same thing, which I would say you could get I would say you get to the same place by putting Landry and together with Cooper Landry and saying that unanimity is driven by the unit of prosecution. I think Burton though is a good a good confirmation that that is in fact, Texas case law. And in Mathis, the court did say that that the court can peek at other cases to look and see how those cases apply the law. And certainly we've cited not only Burton, but a number of cases showing that Texas juries are routinely instructed as to both as to both robbery by threat and robbery by injury, and are not instructed that they have to be unanimous between the two. See, my time is up. I'm happy to address other questions, but otherwise, thank you, your honors. Thank you. Thank you.
judges: Fernandez, Lee, Orrick